STATE OF MAINE
WALDO, SS.

DISTRICT COURT
DOCKET NO. RE 14-66

CINDY WOOD )
      Plaintiff )
      )
      )
     v. )
      )
      )
      )
      )
      )
DAVID ONYONS )
      Defendant )

DECISION & ORDER
REGARDING PETITION
FOR PARTITION

The Plaintiff filed a Complaint for Partition with regard to real estate owned by the parties and more particularly described in a deed recorded in the Waldo County Registry of Deeds at book 3292, page 12 (hereinafter referred to as "the premises"). The Defendant filed a counterclaim asserting his entitlement to relief under three additional theories (breach of contract, recovery of rental payments, and unjust enrichment). The subsequent proceedings of this Court, in particular in the issuance of two pretrial orders on February 27, 2015 and May for 2015, identify the issue for trial as limited to the partition action.

A trial in this matter was held before the Court on August 31, 2016. Based on the testimony of both parties, and the exhibits which were admitted at trial, the Court makes the following findings.

The parties had been in a personal relationship with each other for a number of years prior to 2009. In 2009, the parties decided to purchase the premises in Belfast Maine. Specifically, on January 30, 2009, the parties acquired the premises as joint tenants. The premises were purchased for $528,000. $220,000 of the purchase price was paid in cash by the Defendant, $33,000 was paid in cash by the Plaintiff, and the remaining $275,000 balance was paid from the proceeds of a loan.

Because the Defendant was a citizen of the United Kingdom, he was unable to be a signatory on the note associated with the loan proceeds. Thus, the note was signed only by the Plaintiff. However, the mortgage on the premises, which was executed to secure the loan obligation, was signed by both parties.

The premises were initially rented back to the seller of the same premises for the first year after the 2009 purchase. Since that time, the Plaintiff has lived at the premises as her primary residence. The Defendant's actual use of the premises has been limited to approximately three months per year during which time he shares the premises with the Plaintiff. The remaining 75% of the time the Plaintiff has enjoyed exclusive use of the premises.[1]

The proceeds which have been received from income from the rental units has been applied to outstanding expenses associated with the premises. The expenses associated with the premises which exceeded the rental income has

---

[1] The premises do include one or two rental units which have been occupied sporadically by renters during the parties' ownership of the property. The rental income will be addressed below.

generally been shared equally between the parties, except for the monthly mortgage payment associated with the $275,000 loan. Early on, some of the monthly mortgage payments were made from rental income proceeds. For a relatively short period of time while the Plaintiff was not working, the Defendant made some monthly mortgage payments. For the last several years, the mortgage payments have been made by the Plaintiff.

The parties' personal relationship began to sour in March 2011. The parties have received no rental income associated with the premises since June 2014.

## ANALYSIS

It is not disputed that the premises at issue are not susceptible to a physical division. Thus, an equitable partition of the property becomes necessary. More specifically, the parties are also not in dispute that a sale of the property is the only reasonable method by which these premises may be equitably partitioned.

The primary issue in dispute in this case centers around the allocation of sale proceeds. Again, more specifically, the Defendant contends that the liability for payment of the outstanding mortgage balance due should be borne entirely by the Plaintiff under a theory that she alone was signatory to the note, and/or that the outstanding loan obligation reflected her share of the original purchase obligation. The Court is not persuaded by the Defendant's argument in this regard.

As the Law Court has noted in *Ackerman v. Hojnowski, 2002 ME 147, ¶11*, in a case involving an equitable partition claim,

> [t]he division of property held in joint tenancy should take into account all equities growing out of that relationship. Contributions of the parties to the property prior to the joint tenancy, however, are not equities growing out of the joint tenancy relationship. To allow the consideration of contributions preceding the joint tenancy would defeat joint ownership. (Citing *Boulette v. Boulette, 627 A.2d 1017, and 1018 (Me. 1993)*).

The facts and circumstances of this case do not support the Defendant's theory which would saddle the Plaintiff with the sole responsibility for the entire mortgage loan obligation. The original loan amount represented <u>over</u> 50% of the original purchase price despite the fact that the Plaintiff had also contributed $33,000 in cash toward the original purchase price. This is inconsistent with the argument by the Defendant that the loan represented the Plaintiff's share of the purchase price. Moreover, the reason why only the Plaintiff was a signer of the note had at least as much to do with the fact that the Defendant was precluded from signing such a document based on his status as a citizen of the United Kingdom.

The decisions of the parties since the creation of the joint tenancy as well as patterns of payments made toward the outstanding obligations associated with premises do, however, persuade the Court that the mortgage payments which have been made to date equitably reflect the parties' actual usage and benefits derived from those same premises. Thus, the Court is not persuaded that the Plaintiff is entitled to any initial payment from sale proceeds for the

purpose of reimbursing her for any expense related payments made by her during the course of the ownership of the premises.

Accordingly, the Court, in promoting an equitable partitioning of the premises, hereby orders the premises to be immediately placed on the market to be sold. The parties are to retain the services of a licensed real estate broker for the purposes of formally listing the premises for sale. If the parties are unable to agree on a real estate broker, each party shall select a real estate broker who shall, in turn, choose a third broker who will actually be responsible for listing the property. The listing broker will make recommendations to the parties respecting the listing sale price. Any such reasonable suggested listing price will be the sale price utilized unless both parties agree to a different price.

Pending sale of the premises, the parties will be equally responsible for the payment of homeowners insurance, real estate taxes, utilities and repairs and upkeep necessary for the preservation of the premises. For so long as the Plaintiff continues to utilize the premises as her primary residence, she will be responsible for the monthly mortgage payments as they come due pending sale.

Should the parties decide to rent either of the rental units pending sale, the income from any such source shall be applied to the expenses associated with the premises, excluding the monthly mortgage payments.

Upon sale of the premises, the remaining balance of the total mortgage obligation outstanding as of the date of sale will be paid from the gross sale

proceeds.[2] The balance of the net sale proceeds shall be divided equally between the parties.

The Clerk is directed to Incorporate this Order, by reference, in accordance with MRCivP 79(a).

Date: 10/13/16

_____
SUPERIOR COURT JUSTICE

---

[2] If the Plaintiff is past due in regard to any of the monthly mortgage payments she is hereby ordered to pay pending sale, she will be responsible for any such payments from her share of the division of the net sale proceeds.